THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL E. MILLIGAN II, Defendant-Appellant.

Fourth District    No. 4—00—0359

Opinion filed February 6, 2002.—Rehearing denied March 5, 2002.

COOK, J., dissenting.

Daniel D. Yuhas and Cory E. Easton, both of State Appellate Defender's Office, of Springfield, for appellant.

Tony Lee, State's Attorney, of Paxton (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Following a January 18, 2000, jury trial in the circuit court of Ford County, defendant, Daniel Milligan, was convicted of one count of home invasion (720 ILCS 5/12—11(a)(2) (West 1998)) and one count of aggravated battery (720 ILCS 5/12—4(a) (West 1998) (as amended by Pub. Act 91—357, § 237, eff. July 29, 1999)). The trial court sentenced defendant to 25 years' imprisonment and 3 years' imprisonment, respectively, the sentences to be served concurrently. On appeal, defendant claims (1) the evidence of great bodily harm to the victim was not sufficient to support the aggravated battery conviction; (2) the court erred by failing to conduct a *Montgomery* balancing test before admitting evidence of five prior felony convictions (see *People v. Montgomery*, 47 Ill. 2d 510, 268 N.E.2d 695 (1971)); and (3) the 25-year sentence imposed for his home invasion conviction was excessive. We affirm.

The events leading to the charges in this case took place on September 5, 1999. The victim was Melancholy Granger. In any event, defendant and Granger had been drinking and visiting various other people in Ford County on September 5. Granger had been driving, and an argument ensued because she did not want defendant to drive after he had been drinking. Granger left defendant at the side of the road and returned home. Defendant later returned to Granger's. As he came running up, she shut and locked her door. In spite of the fact that defendant testified that he had keys for the garage and back doors of Granger's residence, defendant proceeded to kick in the front door. He beat Granger with his fists, an answering machine, and a telephone. He struck her in the head, back, and arms; grabbed her throat and choked her; threatened to make her hang herself; and broke a chair over her legs. Granger's parents arrived and called the police. Defendant fled and was later arrested.

Defendant argues that the victim's injuries are insufficient to support the finding of great bodily harm necessary to his aggravated battery conviction. Relying on *People v. Figures*, 216 Ill. App. 3d 398, 401, 576 N.E.2d 1089, 1092 (1991), he argues that if the offense of "simple" battery is to have any import at all, the amount of damage necessary for a finding of great bodily harm must be more severe than simple bruises and abrasions.

■ ■ When considering a challenge to the sufficiency of the evi-

dence in an appeal from a criminal conviction, the reviewing court does not retry the defendant. Instead, this court determines whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. This court will not reverse the conviction unless the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of defendant's guilt. *People v. Smith*, 185 Ill. 2d 532, 542, 708 N.E.2d 365, 370 (1999).

"Whether the victim's injuries rise to the level of great bodily harm is a question for the trier of fact. *People v. Figures*, 216 Ill. App. 3d 398, 401, 576 N.E.2d 1089, 1092 (1991). In making that determination, the relevant inquiry is 'not what the victim did or did not do to treat the injury but what injuries the victim in fact received.' *People v. Edwards*, 304 Ill. App. 3d 250, 254, 710 N.E.2d 507, 509 (1999); see also *Figures*, 216 Ill. App. 3d at 401, 576 N.E.2d at 1092 (whether the victim's injuries constitute great bodily harm is 'neither dependent upon hospitalization of the victim, nor the permanency of his disability or disfigurement')." *People v. Garry*, 323 Ill. App. 3d 292, 297, 752 N.E.2d 1244, 1248 (2001), *appeal denied*, 196 Ill. 2d 552 (2001).

■ We have examined the photographs of Granger's injuries taken by City of Paxton police officer Salvatory Maacaluso and the parties' stipulation of the testimony of the victim's treating physician, Dr. Napolean B. Knight. The photographs depict Granger with bruises under her eyes, on her back, and on one arm. They also show scratches or cuts on her throat and on one leg. Knight diagnosed Granger as having multiple contusions, a closed head injury, and leg abrasions. Given the closed head injury and the extent of Granger's abrasions and bruising, we find that the evidence as presented was sufficient to find defendant guilty of aggravated battery beyond a reasonable doubt.

Defendant next argues that the trial court improperly allowed evidence of his four prior burglary convictions and a prior attempt (burglary) conviction without conducting a balancing test under the familiar standards of *Montgomery*. We must review the issue as plain error, if at all, for defendant failed to properly preserve the claim in the trial court. See 134 Ill. 2d R. 615(a). We find no error, plain or otherwise.

In the present case, the following colloquy was had at the close of the State's evidence:

"THE COURT: We are still out of the presence of the jury, Mr. Welch, after the recess, you are now indicating that Mr. Milligan is going to testify?

MR. WELCH [(defense attorney)]: Yes.

THE COURT: All right. And there is a matter of some prior felony convictions, is that correct?

MR. WELCH: Yes.

THE COURT: And the State and the defense are in agreement about how many there are and what they are?

MR. WELCH: Yes.

THE COURT: And?

MR. WELCH: Well, we misspoke earlier off the record. It is—it's four burglary convictions and an attempt. I think we said three and an attempt; it's actually four and an attempt.

THE COURT: So there are five felony convictions within ten years, four for burglary, one for attempt burglary.

MR. LEE [(prosecuting attorney)]: Right.

MR. WELCH: Yes.

THE COURT: Some of them are different counts out of the same—

MR. WELCH: I'm sorry, what now?

THE COURT: There are five convictions with which he can be impeached?

MR. WELCH: Five convictions; two cases, but five separate convictions were entered.

THE COURT: Okay. And the jury's entitled to know of the five convictions and what they were for?

MR. WELCH: According to the Supreme Court.

THE COURT: We follow the Supreme Court. Agreed, Mr. Lee?

MR. LEE: Agreed.

MR. WELCH: And I would agree on that procedure, but I would object.

THE COURT: You're objecting for the record?

MR. WELCH: To preserve the issue in case they change their mind at some point, yes.

THE COURT: You would like the Supreme Court to reverse itself on the mere fact—

MR. WELCH: Yes.

THE COURT: Method of impeachment?

MR. WELCH: Yes, or perhaps that would be taken up higher, but I know if I don't object I waive that issue. So, yes, I don't have any objection to him being impeached under the previous procedure where they would just be told he's been convicted of a felony or felonies, but I do object to the change where they will be told specifically what he's been convicted of.

THE COURT: Okay. I assume you don't anticipate eliciting any additional information regarding the circumstances of those out of your client, so that would preclude the State from making any other inquiry.

MR. WELCH: No, he will acknowledge these five convictions, and that's where we intend to leave it.

THE COURT: Okay."

During his direct examination, defendant acknowledged that he had been convicted of four separate burglaries and one attempt (burglary). Generally, a defendant may not complain of error which he invited or in which he acquiesced. *People v. Lowe*, 153 Ill. 2d 195, 199, 606 N.E.2d 1167, 1169 (1992). Further, defendant does not cast his argument on appeal in terms of ineffective assistance of his trial counsel; rather, he merely faults the trial court for not conducting a *Montgomery* balancing test.

■ *Montgomery* requires that the trial court conduct a balancing test before allowing the use of prior convictions to impeach a defendant, weighing the probative value of the evidence against the prejudice to defendant. *People v. Atkinson*, 186 Ill. 2d 450, 456, 713 N.E.2d 532, 535 (1999); *Montgomery*, 47 Ill. 2d at 516, 268 N.E.2d at 698. The evidence in this case was not admitted as impeachment. Instead, the defendant's trial counsel elicited defendant's testimony on direct examination. The State attempted no impeachment on the basis of this prior conviction.

" 'If evidence of the prior conviction is admissible independently of impeachment purposes—and therefore independent of *Montgomery*—then the *Montgomery* test becomes inapposite. \*\*\*' *People v. Hester*, 271 Ill. App. 3d 954, 959, 649 N.E.2d 1351, 1356-57 (1995)." *People v. Williams*, 317 Ill. App. 3d 945, 949, 742 N.E.2d 774, 778 (2000), *appeal denied*, 194 Ill. 2d 581, 747 N.E.2d 357 (2001).

No error occurred. The evidence was not offered by the State to impeach defendant, but by the defense. For that purpose, the *Montgomery* balancing test had no application.

The final issue is whether defendant's 25-year sentence for home invasion was excessive. Defendant argues that the sentence was excessive because he was 22 years old when sentenced and had significant potential for rehabilitation.

■ The trial court is the proper forum for sentencing, and its sentencing decision is given great deference and will not be disturbed on appeal absent an abuse of discretion. *People v. Coleman*, 166 Ill. 2d 247, 258, 652 N.E.2d 322, 327 (1995).

■ In this case, the mitigating evidence was presented to the trial court. The trial court is presumed to have considered the mitigating evidence. *People v. Payne*, 294 Ill. App. 3d 254, 260, 689 N.E.2d 631, 635 (1998), *appeal denied*, 183 Ill. 2d 587, 712 N.E.2d 822 (1999). Moreover, as noted in *Payne*, defendant's history of drug and alcohol abuse does not require a more lenient treatment of defendant. *Payne*, 294 Ill. App. 3d at 260, 689 N.E.2d at 635. In addition, the defendant's criminal history and the nature of the offense in this case demonstrate

that, in spite of defendant's relatively young age, he has a diminished potential for rehabilitation.

At trial, defendant admitted five prior felony convictions, four burglaries and one attempt. The presentence investigation report further disclosed convictions of battery, resisting a peace officer, and escape. There was also evidence at sentencing that defendant had fraudulently cashed an insurance check and struck another inmate while in jail.

As to the nature of the offense, defendant repeatedly struck Granger with his fists, battered her with a telephone and chair, and choked her. The victim's impact statement related the psychological damage inflicted on her by defendant as a result of his invasion of her home and the attack upon her person. The record does not demonstrate an abuse of sentencing discretion.

The judgment of the circuit court of Ford County is affirmed.

Affirmed.

STEIGMANN, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent. I would reverse and remand because of the trial court's failure to conduct a proper *Montgomery* balancing test. See *Atkinson*, 186 Ill. 2d at 459, 713 N.E.2d at 536-37 (rejecting mere-fact method as a halfway measure which admits all convictions without the required balancing test). "Under that test, if prejudice to the defendant substantially outweighs the probative value of admitting the impeachment evidence, the prior conviction must be excluded." *Atkinson*, 186 Ill. 2d at 459, 713 N.E.2d at 537.

I disagree with the majority's conclusion that defendant waived any objection by not waiting until the State offered evidence of the prior convictions, *i.e.*, "The evidence was not offered by the State to impeach defendant, but by the defense" (327 Ill. App. 3d at 269). It is not inconsistent for a defendant to request the exclusion of evidence and, after the court's denial of that request, to disclose the evidence himself in the hope of lessening its impact upon the jury. *People v. Williams*, 161 Ill. 2d 1, 34, 641 N.E.2d 296, 310 (1994) (challenge on appeal not thereby precluded); *cf. Williams*, 317 Ill. App. 3d at 950, 742 N.E.2d at 779 (evidence not offered by State to impeach but by defense to explain why defendant lied to police). The majority has not suggested any reason why defendant would introduce his prior convictions other than in anticipation of the State's impeachment. There is no waiver in this case.

I have previously suggested that a defendant's request that the mere-fact method be used, after the court has conducted a balancing test, waives any *Atkinson* error. *People v. Sparks*, 314 Ill. App. 3d 268, 272, 731 N.E.2d 987, 990-91 (2000). That is not the situation here. A defendant may logically request use of the mere-fact method and still insist that the court apply the balancing test. It is difficult to understand why a defendant would ever fail to insist on a balancing test. *People v. Moore*, 279 Ill. App. 3d 152, 158, 663 N.E.2d 490, 496 (1996) (irrelevant that trial was conducted before 1994 *Williams* decision (*Williams*, 161 Ill. 2d 1, 641 N.E.2d 296), when judicial trend "was to allow impeachment with virtually all prior felony convictions").

Although *Atkinson* rejected the use of the mere-fact method, it affirmed in the case before it, because of the clear indications that a balancing test had been performed. The *Atkinson* court stressed that defense counsel specifically referred to the balancing test, the trial judge recognized that he had to determine whether the probative value of the evidence outweighed its prejudice, and "[i]t is clear from the trial judge's comments that he was aware of the *Montgomery* balancing test." *Atkinson*, 186 Ill. 2d at 463, 713 N.E.2d at 538. That is not true in the case before us. In fact, all indications are to the contrary. A fair reading of the colloquy here is that the trial court and counsel were unaware of any issue concerning impeachment by prior convictions other than the mere-fact issue. There was no discussion that introduction of evidence of similar crimes could be prejudicial to defendant or that the admission of more than one burglary conviction was likely to lead the jury to convict defendant simply because of his propensity to commit crime, simply because he was a "bad man." There was no motion *in limine*, no reference by defense counsel to the balancing test, and no mention by the court of the balancing test.

Recent decisions of the supreme court have reasserted the need for performance of the balancing test. "It is a fundamental tenet of our criminal justice system *** that the introduction of evidence of other crimes to show or suggest a propensity to commit crime is an improper purpose and is prohibited." *Williams*, 161 Ill. 2d at 39, 641 N.E.2d at 312. "[T]rial courts should not admit prior-conviction evidence as probative of guilt, rather than credibility." *People v. Cox*, 195 Ill. 2d 378, 384, 748 N.E.2d 166, 170 (2001). "Convictions for the same crime for which the defendant is on trial should be admitted sparingly." *Cox*, 195 Ill. 2d at 384, 748 N.E.2d at 170. It must also be recognized that admission of a number of prior convictions may suggest only a propensity to commit crime.

In *People v. McKibbins*, 96 Ill. 2d 176, 449 N.E.2d 821 (1983), the

supreme court upheld the admission of 20 prior convictions. In that case, however, the failure to limit the number of convictions did not "indicate[ ] a failure to balance the probative value of this evidence against its prejudicial impact," because defense counsel had filed a motion *in limine*, had argued the balancing test must be applied, and the court had stated it understood the balancing test. *McKibbins*, 96 Ill. 2d at 187, 449 N.E.2d at 826.

In *McKibbins*, the defendant was charged with murder, and the 20 prior convictions admitted were theft misdemeanors, demonstrating "a consistent pattern of dishonesty." *McKibbins*, 96 Ill. 2d at 188, 449 N.E.2d at 827. None of the 20 "priors" "were crimes of violence from which the jury might infer that the defendant had a propensity for committing such crimes." *McKibbins*, 96 Ill. 2d at 188, 449 N.E.2d at 827. Again, the present case is different. Defendant was charged with home invasion and aggravated battery, and the prior convictions were for burglary and attempt (burglary). One of the factors in determining prejudice is " 'whether the crime was similar to the one charged.' " *McKibbins*, 96 Ill. 2d at 188, 449 N.E.2d at 826-27, quoting *Montgomery*, 47 Ill. 2d at 518, 268 N.E.2d at 700.

It may be easier to admit a number of convictions based on untruthfulness, to show the defendant's "consistent pattern of dishonesty," and harder to admit other convictions. " 'The focus of *Montgomery* was on crimes which bear [up]on the defendant's truthfulness as a witness.' " *Cox*, 195 Ill. 2d at 384, 748 N.E.2d at 170, quoting *Williams*, 161 Ill. 2d at 39, 641 N.E.2d at 312; see also *State v. Ashley*, 160 Vt. 125, 127-28, 623 A.2d 984, 986 (1993) (error to admit 16 convictions even though most involved untruthfulness); *State v. Bohe*, 447 N.W.2d 277, 283 (N.D. 1989) (Levine, J., dissenting) (same-crime evidence should be sparingly used); *State v. Walker*, 29 S.W.3d 885, 891 (Tenn. Crim. App. 1999) (error, in prosecution for sale of cocaine, to admit five priors for sale of cocaine). Some jurisdictions, such as New York, which allow high numbers of prior convictions into evidence, also allow or even require mere-fact impeachment, and are not persuasive authority in Illinois, which does not allow mere-fact impeachment.

Whether we address this case in terms of plain error or ineffective assistance of counsel, there is no indication that the required balancing test has been performed, despite concerns about the number of convictions admitted and their similarity to the offense with which defendant was charged.