*In re* J.A., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. J.A., a Minor, Respondent-Appellant).

First District (6th Division)    No. 1—01—0135

Opinion filed January 10, 2003.

GALLAGHER, J., specially concurring.
O'BRIEN, P.J., dissenting.

Michael J. Pelletier and Christopher W. Buckley, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Peter Fischer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a bench trial, respondent J.A. was adjudicated delinquent of aggravated battery causing great bodily harm. He was sentenced to 2 years' probation and 30 hours of community service. On appeal, he contends that the State failed to prove the element of great bodily harm beyond a reasonable doubt. He asks that his delinquency finding be reduced to battery.

On October 10, 1999, approximately 10 to 15 people were involved in a fight that broke out in the parking lot of the McDonald's restaurant at 600 North Clark Street in Chicago. Respondent stabbed Trevor Banks once in his back left shoulder. Banks felt his shoulder being punctured; he did not know how deep the wound was. He stated, "It's like somebody pinch [sic] you; that's how it felt almost." At the hospital, Banks was advised to have his wound stitched, but Banks refused and was given pain pills. Respondent J.A. was charged with aggravated battery predicated upon great bodily harm.

■ The offense of battery is defined as intentionally or knowingly causing bodily harm to an individual. 720 ILCS 5/12—3(a)(1) (West 2000). In defining the term "bodily harm" as it relates to simple battery, the Illinois Supreme Court has indicated as follows:

"Although it may be difficult to pinpoint exactly what constitutes bodily harm for the purposes of the statute, some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent, is required." *People v. Mays*, 91 Ill. 2d 251, 256 (1982).

■ Aggravated battery consists of intentionally or knowingly causing great bodily harm or permanent disability while committing a battery. 720 ILCS 5/12—4(a) (West 2000). The statute provides as follows:

"Aggravated Battery.

(a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery." 720 ILCS 5/12—4(a) (West 2000).

The infliction of great bodily harm is an essential element of the offense of aggravated battery as defined in subsection 12—4(a). *People v. Figures*, 216 Ill. App. 3d 398, 401 (1991). In the instant case, the respondent was charged with aggravated battery predicated upon great bodily harm. While the element of great bodily harm does not lend itself to a precise legal definition, it requires proof of an injury of a greater and more serious nature than a simple battery. *People v.*

*Costello*, 95 Ill. App. 3d 680, 684 (1981). Aggravated battery requires more serious injury and is determined by the actual injury received. *In re T.G.*, 285 Ill. App. 3d 838, 846 (1996); *Figures*, 216 Ill. App. 3d at 401.

In *Figures*, we recognized the guidance provided by the Illinois Supreme Court regarding the distinction between "bodily harm" and "great bodily harm." We noted as follows:

> "Because great bodily harm requires an injury of a graver and more serious character than an ordinary battery, simple logic dictates that the injury must be more severe than that set out in the *Mays* definition. The word 'great' must be given effect in construing the aggravated battery statute; statutes should be interpreted so that no word or phrase is rendered superfluous or meaningless." *Figures*, 216 Ill. App. 3d at 401, citing *People v. Parvin*, 125 Ill. 2d 519 (1988).

When a defendant challenges the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979); *People v. Cox*, 195 Ill. 2d 378, 387 (2001). In this case the only element at issue is the element of great bodily harm. If the State failed to prove great bodily harm beyond a reasonable doubt, a conviction for aggravated battery predicated upon great bodily harm must be vacated. *People v. Watkins*, 243 Ill. App. 3d 271, 278 (1993).

Whether the defendant inflicted great bodily harm upon the victim is a question for the trier of fact. *Figures*, 216 Ill. App. 3d at 401. However, when a victim suffers bodily harm, rather than great bodily harm, a conviction for aggravated battery predicated upon great bodily harm must be vacated. *Figures*, 216 Ill. App. 3d at 402. We are mindful that it is not the function of this court to retry a defendant when presented with a challenge to the sufficiency of the evidence. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). A criminal conviction will not be set aside unless the evidence when viewed in the light most favorable to the prosecution is so "unsatisfactory, improbable or implausible" that it creates a reasonable doubt of the defendant's guilt. *People v. Slim*, 127 Ill. 2d 302, 307 (1989).

In the instant case, in support of its argument that the respondent inflicted great bodily harm on the victim, the State relies on *People v. Matthews*, 126 Ill. App. 3d 710 (1984), and contends that "a simple bruise on the head caused by a baseball bat and butt of a gun is sufficient to constitute great bodily harm and aggravated battery." The victim in *Matthews* testified that she only had a bruise on her head.

However, *Matthews* does not support the State's argument because it does not stand for the proposition that a bruise is sufficient to prove great bodily harm. The evidence in *Matthews* demonstrated that the victim was struck on the head with the gun and then was repeatedly struck by several full-force blows on the head and arms with a baseball bat. Based on that evidence, the jury found the victim had suffered great bodily harm, and that finding was affirmed on appeal. *Matthews*, 126 Ill. App. 3d at 714-15.

We have repeatedly articulated the proposition that "great bodily harm" is more serious or grave than lacerations, bruises, or abrasions that characterize "bodily harm." *Costello*, 95 Ill. App. 3d at 684; *Figures*, 216 Ill. App. 3d at 401. The finding in *Matthews* is consistent with that proposition. Moreover, the repeated blows delivered to the head and arms of the victim in *Matthews* by use of a gun and baseball bat distinguish *Matthews* from the instant case. Unlike *Matthews*, in the instant case, the victim did not receive repeated blows but, rather, was stabbed once, which he described as feeling like somebody pinched him.

In support of its argument that the State failed to prove the element of great bodily harm, the respondent relies on *In re T.G.*, where this court reversed an aggravated battery conviction for failure to show great bodily harm. *In re T.G.*, 285 Ill. App. 3d 838, 846 (1996). In *T.G.*, the victim testified that he received three stab wounds to the chest and that the first wound felt like he was being poked with a pen or pencil. *T.G.*, 285 Ill. App. 3d at 846. In the instant case, the victim described the single wound as feeling like somebody pinched him. The record in the instant case is unclear regarding the weapon used. It reflects various descriptions of the weapon including "sharp thing," "ice pick," "small knife," and "no longer than an ice pick" four to five inches in total length. The weapon in this case was described as four to five inches in total length, but the record reflects no evidence or specification as to blade length or length of the sharp part of the "thing" used.

The record further lacks evidence regarding the nature of the injury and the harm caused to the victim in this case. Respondent contends that the evidence of harm caused by one wound in this case was less than the evidence of harm caused by the three stab wounds to the victim in *T.G.* Respondent further notes that in *T.G.* there was evidence of bleeding as a result of the various stab wounds, but that there was no such evidence in this case. In *T.G.*, the victim testified he felt the first stab, which he described as "like being poked with a pen or pencil," but there was no evidence that he felt the other two. *T.G.*, 285 Ill. App. 3d at 846. The victim in *T.G.* testified that he did not

realize that he had been stabbed until after he noticed his shirt was cut. When he opened his shirt, he saw three bloody wounds. In finding that great bodily harm was not proved beyond a reasonable doubt in *T.G.*, we took into consideration the evidence of the three stab wounds, but regarding the bodily harm to the victim we noted that "[t]here was no other evidence of the extent or nature of his injuries." *T.G.*, 285 Ill. App. 3d at 846.

Similarly, in this case, the victim described the injury as feeling like somebody pinched him, but there was no evidence of the extent or nature of the victim's injury from the single wound. We note the victim was advised to have his wound stitched, but he refused to do so. The victim's refusal of treatment plays no part in our analysis. Such refusal is not relevant to the question of whether great bodily harm has been proved beyond a reasonable doubt because inquiry into great bodily harm should center on what injuries the victim actually received, and not what the victim did or did not do to treat the injuries. *Costello*, 95 Ill. App. 3d at 684. We are mindful that the treatment required, not the treatment actually administered, is the relevant inquiry. *Costello*, 95 Ill. App. 3d at 684. However, the record in this case is vague as to the treatment required, reflecting the victim was advised to have his wound stitched, but failing to indicate the number of stitches so recommended or who made that recommendation.

■ In determining the question of whether great bodily harm has been proved beyond a reasonable doubt, we take into consideration evidence of what injury the victim actually received, the evidence of the nature and extent of the victim's injury, and evidence of the treatment required. In the instant case, regarding what injury the victim actually received, we note that he testified he "felt something but it didn't really bother [him]." There was no evidence the victim was bleeding. Regarding the extent of his discomfort, he stated, "It's like somebody pinch [*sic*] you, that's how it felt almost." In this case, the record reflects no evidence of the nature and extent of the injury beyond the fact that the victim felt like he had been pinched and he was advised to have the wound stitched. No medical testimony or other testimony regarding the nature and extent of the single wound was offered. No evidence as to the number of stitches recommended was offered. The record reflected no evidence describing the wound. When asked about the depth of the wound, the victim stated that he did not know. No evidence was produced as to the size or depth or length of the wound. The trier of fact was not only given no description of the wound, but was also given no opportunity to view the wound photographically or in open court. Proof of great bodily harm to sustain a conviction for aggravated battery requires more than

evidence of a single stab wound of indeterminate size, which felt like a pinch and for which an indeterminate number of stitches were advised by someone unnamed.

We note the State argues that this appeal is a waste of time because, "even if this court would determine that respondent only committed simple battery, that would not have any necessary impact on any consequences of this case." That argument ignores the fact that whether the adjudication of delinquency is based on battery, a misdemeanor under the Criminal Code of 1961 (720 ILCS 5/12—3(b) (West 1998)), as opposed to aggravated battery, a Class 3 felony (720 ILCS 5/12—4(e) (West 1998)), can have an impact on the minor respondent. An adjudication of delinquency based on a felony could make the minor respondent eligible for future punishment as a habitual juvenile offender; however, an adjudication based on a misdemeanor would not. 705 ILCS 405/5—815 (West 1998). An adjudication based on a felony, rather than a misdemeanor, could in the future subject the minor respondent to mandatory transfer to criminal court for prosecution as an adult. 705 ILCS 405/5—815(1) (West 1998).

More importantly, the State's argument ignores the fundamental right of the minor respondent to an appeal. The State's argument further ignores the fundamental right of the minor respondent to require proof beyond a reasonable doubt of the offense of aggravated battery causing great bodily harm before being adjudicated delinquent for this offense.

■ The question in this case is whether the element of great bodily harm was proved beyond a reasonable doubt. The State is required to prove each element of the alleged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 316, 61 L. Ed. 2d at 571, 99 S. Ct. at 2787. We conclude, upon reviewing all the evidence in the light most favorable to the prosecution, that there is insufficient evidence that Trevor Banks suffered great bodily harm as required by the aggravated battery statute. However, there is sufficient evidence that Trevor Banks suffered bodily harm as required by the battery statute. We modify the adjudication of delinquency from aggravated battery to battery and affirm that modified disposition.

We note that we in no way condone the conduct of the minor respondent. We emphasize that our modification of the adjudication of delinquency from aggravated battery to battery is based on insufficient proof that the victim's injury was of a greater and more serious nature than a simple battery. While "great" as noted by the dissent may indeed be in the eye of the beholder, based on this record, the trier of fact had insufficient evidence of great bodily harm to behold.

The word "great" must be given effect in construing and applying the aggravated battery statute. In the instant case, the infliction of great bodily harm is an essential element of the offense of aggravated battery. Great bodily harm requires proof of an injury of a graver and more serious character than lacerations, bruises, abrasions, physical pain, or damage to the body, which constitute bodily harm in the context of the battery statute. *T.G.*, 285 Ill. App. 3d at 846. Aggravated battery requires more serious injuries and is determined by the actual injuries received. *T.G.*, 285 Ill. App. 3d at 846 (three stab wounds to the chest, of which the victim felt only one, does not prove great bodily harm); *Figures*, 216 Ill. App. 3d at 401.

The State is required to prove each element of the alleged offense beyond a reasonable doubt. Based on the record, including the evidence of what injury the victim actually received, the evidence of the nature and extent of the injury, and the evidence of the treatment required, the trier of fact had insufficient evidence that Trevor Banks suffered great bodily harm to find aggravated battery proved beyond a reasonable doubt. For the reasons previously discussed, we modify the adjudication of delinquency from aggravated battery to battery and affirm that modified disposition. We remand for reconsideration of the sentence.

Affirmed as modified; cause remanded.

JUSTICE GALLAGHER, specially concurring:

Throughout the ages, human beings have devised many and varied means of inflicting harm upon one another. And just as the means vary, so does the degree of harm. Before one can truly call bodily harm "great," it should be more severe than what one might do to a finger with a kitchen knife while cutting vegetables.

"Great," according to Webster's Third New International Dictionary, means "remarkable in magnitude, power, intensity, degree, or effectiveness." Webster's Third New International Dictionary 994 (1993). Thus, I concur that the injury suffered here did not rise to great bodily harm.

PRESIDING JUSTICE O'BRIEN, dissenting:

A stab wound requiring stitches and inflicted by a weapon described as "sharp thing," "ice pick," "small knife," and "no longer than an ice pick" four to five inches long is "great bodily harm" and more serious and grave than lacerations, bruises, or abrasions that characterize "bodily harm."

Perhaps "great" is in the eye of the beholder and, thus, a question for the trier of fact. I would affirm.

Accordingly, I respectfully dissent.