[No. D060411. Fourth Dist., Div. One. Oct. 31, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
CORTEZ LAMON WASHINGTON, Defendant and Appellant.

## COUNSEL

Martha L. McGill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Michael T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, J.**—In this case we address the question of whether an Illinois conviction for battery with the personal infliction of great bodily harm qualifies as a serious felony under Penal Code[1] section 1192.7, subdivision (c)(8) involving the personal infliction of great bodily injury. We hold that the term "great bodily harm" under Illinois law is synonymous with "great bodily injury" under California law.

A jury convicted Cortez Lamon Washington of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), battery causing serious bodily injury (§ 243, subd. (d)), and returned true findings on three sentencing enhancements for personal infliction of great bodily injury (§§ 1192.7, subd. (c)(8), 12022.7, subd. (a)). Washington admitted five prison prior convictions within the meaning of section 667.5, subdivision (b). He also admitted having a 1998 Illinois felony conviction of aggravated battery with a firearm (720 Ill. Comp. Stat. 5/12-4.2 (1998)) and a 2003 Illinois

---

[1] All statutory references are to the Penal Code unless otherwise specified.

felony conviction of aggravated battery (720 Ill. Comp. Stat. 5/12-4(a) (2003)). Washington agreed to admit his prior Illinois convictions subject to the trial court's determination of whether the convictions qualified as serious felonies and "strikes" under the "Three Strikes" law.

At sentencing, the court found Washington's two prior Illinois convictions qualified as serious felonies and "strikes." (§§ 667, subds. (b)–(i), 668, 1170.12, subd. (b)(2).) The court sentenced Washington to prison for 41 years to life. Washington appeals, arguing that the court erred in finding his prior Illinois conviction of aggravated battery (720 Ill. Comp. Stat. 5/12-4(a) (2003)) qualified as a serious felony and a "strike" under California law. We affirm the judgment.[2]

## DISCUSSION

"Various sentencing statutes in California provide for longer prison sentences if the defendant has suffered one or more prior convictions of specified types." (*People v. Woodell* (1998) 17 Cal.4th 448, 452 [71 Cal.Rptr.2d 241, 950 P.2d 85].) A prominent example is a conviction of a "serious felony" as defined in section 1192.7, subdivision (c). A "[c]onviction of a serious felony has substantial sentencing implications under the 'Three Strikes' law [citation] and also under section 667, subdivision (a)(1), which mandates a five-year sentence enhancement for each such conviction." (*People v. Avery* (2002) 27 Cal.4th 49, 53 [115 Cal.Rptr.2d 403, 38 P.3d 1] (*Avery*).)

"To qualify as a serious felony, a conviction from another jurisdiction must involve conduct that would qualify as a serious felony in California." (*Avery, supra*, 27 Cal.4th at p. 53; see §§ 667, subd. (d)(2), 1170.12, subd. (b)(2).) To make this determination, the court may consider both the elements of the crime and the actual conduct as revealed by the record of conviction. (*Avery, supra*, at p. 53.) A record of conviction includes an accusatory pleading and a defendant's plea of guilty. (*People v. Abarca* (1991) 233 Cal.App.3d 1347, 1350 [285 Cal.Rptr. 213].) When the record does not disclose the facts of the prior offense, a presumption arises that the prior conviction was for the least offense punishable under the law of the convicting state. (*People v. Mumm* (2002) 98 Cal.App.4th 812, 816 [120 Cal.Rptr.2d 18].)

On appeal, Washington contends the record of his prior Illinois conviction for aggravated battery does not establish he personally inflicted harm on the victim as required under section 1192.7, subdivision (c)(8). Washington

---

[2] Because this appeal does not raise any issues regarding the facts of Washington's current offense, we will omit the traditional statement of facts.

further contends the elements of aggravated battery in Illinois and California are not the same. Specifically, he asserts the element of "great bodily harm" under Illinois law does not equate to "great bodily injury" as required under section 1192.7, subdivision (c)(8).

■ Washington is mistaken. The record of Washington's prior conviction clearly reveals he was the direct cause of his victim's injury. Further, an examination of the elements of aggravated battery in Illinois discloses the element of "great bodily harm" is synonymous with "great bodily injury" under California law.

### A. The Record of Washington's Prior Conviction Reveals He Was the Direct Cause of the Injury

■ California law defines a serious felony as "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ." (§ 1192.7, subd. (c)(8).) To "personally inflict" an injury, the defendant must directly cause the injury, and not just proximately cause it. (*People v. Rodriguez* (1999) 69 Cal.App.4th 341, 347 [81 Cal.Rptr.2d 567].)

Washington argues the record of his prior Illinois conviction does not provide sufficient facts to prove he was the direct cause of the victim's injury. We disagree. At the time of Washington's guilty plea, the Illinois court informed him that he was charged with aggravated battery as follows: ". . . [Washington] knowingly caused great bodily harm to Shara Price, a household member of the defendant, in that [he] struck Shara Price in the face causing her to fall and strike her head."

Washington's counsel then gave the following factual basis for the offense: "[T]he State would call Shara Price. She would testify that . . . Washington hit her in the head or [face] with his fist causing her to fall."

Washington responded that he understood these allegations, and he pleaded guilty to the aggravated battery charge.

The record of Washington's Illinois guilty plea is factually sufficient to show he directly caused the victim's injury. Washington admitted he personally caused or inflicted the injury when he struck the victim in the face causing her to fall and sustain injury to her head. Because the record of Washington's prior Illinois conviction provides a precise factual description of what occurred, the trial court had sufficient evidence to find that Washington "personally inflict[ed]" the injury as required under section 1192.7, subdivision (c)(8).

### B. The Illinois Element of "Great Bodily Harm" Is "Great Bodily Injury" in California

Washington further argues the court erred in finding that his prior Illinois conviction qualified as a "strike" because "great bodily harm" as required under the Illinois aggravated battery statute (720 Ill. Comp. Stat. 5/12-4(a) (2003)) is not the same as "great bodily injury" under California law. We disagree.

■ In Illinois, "[t]he term 'great bodily [harm[3]]' referred to as an essential element of the offense of aggravated battery is not susceptible of a precise legal definition but it is an injury of a graver and more serious character than an ordinary battery." (*Costello, supra*, 420 N.E.2d at p. 595.) Ordinary battery requires "physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent." (*People v. Mays* (1982) 91 Ill.2d 251, 256 [62 Ill.Dec. 945, 437 N.E.2d 633, 635–636].) "Because great bodily harm requires an injury of a graver and more serious character than ordinary battery, simple logic dictates that the injury must be more severe than" mere lacerations, bruises or abrasions. (*People v. Figures* (1991) 216 Ill.App.3d 398, 401 [160 Ill.Dec. 135, 576 N.E.2d 1089, 1092]; see *People v. Olmos* (1978) 67 Ill.App.3d 281, 289–290 [23 Ill.Dec. 946, 384 N.E.2d 853, 860–861] [evidence of three or four welts, 12 to 18 inches in length, left on the back of the victim, and bleeding from his left eye was enough to sustain a finding of "great bodily harm"]; see also *Costello, supra*, 420 N.E.2d at pp. 594–595 [victim suffered great bodily harm from a broken nose and a lost tooth].)

■ In California, "great bodily injury" is defined as "a significant or substantial physical injury" beyond that which is inherent in the underlying offense. (§ 12022.7, subd. (f); see § 667, subd. (a)(1).) An examination of California case law reveals that some physical pain or damage, such as lacerations, bruises, or abrasions is sufficient for a finding of "great bodily injury." (*People v. Jaramillo* (1979) 98 Cal.App.3d 830, 836–837 [159 Cal.Rptr. 771] [multiple contusions, swelling and discoloration of the body, and extensive bruises were sufficient to show "great bodily injury"]; see *People v. Sanchez* (1982) 131 Cal.App.3d 718 [182 Cal.Rptr. 671], disapproved on other grounds in *People v. Escobar* (1992) 3 Cal.4th 740, 751, fn. 5 [12 Cal.Rptr.2d 586, 837 P.2d 1100] [evidence of multiple abrasions and lacerations to the victim's back and bruising of the eye and cheek sustained a finding of "great bodily injury"]; see also *People v. Corona* (1989) 213

---

[3] Illinois uses the phrase "great bodily injury" interchangeably with "great bodily harm" to describe the level of injury required to sustain a finding under the Illinois aggravated battery statute. (*People v. Costello* (1981) 95 Ill.App.3d 680, 684 [51 Ill.Dec. 178, 420 N.E.2d 592, 595] (*Costello*).)

Cal.App.3d 589 [261 Cal.Rptr. 765] [a swollen jaw, bruises to head and neck and sore ribs were sufficient to show "great bodily injury"].)

Because Illinois law requires physical injuries more severe than lacerations, bruises, or abrasions to sustain a finding of "great bodily harm," it naturally follows that a finding of "great bodily harm" would be sufficient to sustain a finding of "great bodily injury" under California law. Because the elements of "great bodily harm" and "great bodily injury" are the same, Washington's prior conviction of aggravated battery in Illinois is sufficient to show he personally inflicted "great bodily injury" as required under section 1192.7, subdivision (c)(8). Thus, we conclude Washington's prior conviction qualifies as a serious felony and a "strike" under California law.[4]

## DISPOSITION

The judgment is affirmed.

McConnell, P. J., and Irion, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 13, 2013, S207218.

---

[4] In light of our holding, we need not address Washington's argument that his prior record of conviction does not reveal the particular injury the victim sustained and is thus factually insufficient to prove that Washington inflicted "great bodily injury."