# Illinois Official Reports

## Appellate Court

---

### *In re Vuk R.*, 2013 IL App (1st) 132506

---

| | |
|---|---|
| Appellate Court Caption | *In re* VUK R., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Vuk R., a Minor, Respondent-Appellant). |
| District & No. | First District, Third Division<br>Docket No. 1-13-2506 |
| Filed<br>Rehearing denied | December 4, 2013<br>January 30, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An adjudication of delinquency based on the trial court's finding that respondent was guilty of aggravated battery involving great bodily harm was reversed where the State failed to sustain its burden of proving beyond a reasonable doubt that respondent "knowingly caused great bodily harm," especially when the record showed the trial judge made no findings of fact and simply stated that respondent was guilty of aggravated battery involving great bodily harm and stated at the sentencing hearing that all of the witnesses lied. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-JD-50129; the Hon. Richard F. Walsh, Judge, presiding. |
| Judgment | Reversed. |

| Counsel on Appeal | Michael Maksimovich Attorney at Law P.C., of Lyons (Robert B. Marcus, of counsel), for appellant. |
| | |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Anne L. Magats, and Matthew Connors, Assistant State's Attorneys, of counsel), for the People. |

| Panel | JUSTICE MASON delivered the judgment of the court, with opinion. Justices Neville and Pucinski concurred in the judgment and opinion. |

## OPINION

¶ 1   Respondent, Vuk R., was charged in a petition for adjudication of wardship with two counts of aggravated battery stemming from an altercation with another minor on July 14, 2012. Following a trial, respondent was adjudicated delinquent on a finding of guilty on the offense of aggravated battery involving great bodily harm. 720 ILCS 5/12-3.05(a)(1) (West 2010). There was a finding of not guilty on the charge of aggravated battery on a public way. 720 ILCS 5/12-3.05(c) (West 2010).

¶ 2   Respondent appeals contending that the State failed in its burden to prove beyond a reasonable doubt that he was not acting in self-defense and that the victim suffered great bodily harm. Respondent further argues that because during the sentencing hearing the trial judge stated that he did not believe the testimony of any of the witnesses who testified regarding the altercation at trial, his adjudication for aggravated battery cannot stand. For the reasons that follow, we reverse.

¶ 3   The testimony at trial regarding the events of July 14, 2012, was disputed in almost every material respect. That evening there was an unsupervised party at another minor's house where liquor was served. The victim claimed respondent and his male friends were there; respondent and several witnesses testified they were not. The victim testified that he consumed one beer at the party. Respondent and other witnesses testified that the victim was inebriated when they first encountered him at a gas station around 9 p.m. When the victim followed the group including respondent and a number of his friends, he claimed respondent swore at him and called him a "faggot." Respondent denied doing anything other than telling the victim he was not invited to accompany the group to the home of respondent's girlfriend.

¶ 4   What is undisputed is that there was some sort of altercation between respondent and the victim. Respondent claimed that after he told the victim that he could not accompany the group, the victim confronted him physically and eventually threatened him with a knife. Respondent claimed that the victim was the aggressor and that he was acting in self-defense. Respondent testified that the victim sustained his injuries when he tripped and fell, striking his face on the pavement. Several witnesses corroborated respondent's version of events. The

victim claimed that after respondent angrily informed him he was not invited to the gathering, respondent, without provocation, assaulted him and had to be pulled off the victim after striking him several times with his fists, breaking the victim's nose and causing him to lose consciousness. One other witness corroborated the victim's account.

¶ 5 Were this just a case involving the trial court's assessment of the credibility of witnesses with differing versions of events, we would affirm under the well-settled standard of review that accords great deference to a trial judge's resolution of factual disputes. See *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224-25 (2009) (a reviewing court will not substitute its judgment for that of the trier of fact on issues involving the weight of evidence or the credibility of witnesses). However, there are two aspects of this case that each independently provide grounds for reversal.

¶ 6 First, at the conclusion of the trial, the trial judge made no findings of fact, but simply pronounced respondent guilty of aggravated battery involving great bodily harm and not guilty of the charge of aggravated battery on a public way (given that the State introduced no evidence that the altercation occurred on public property). But at respondent's sentencing hearing, the trial court stated:

> "You know, the thing[ ] that bothers me about this case *** is that a number of young witnesses got up here. All from better than average backgrounds. As far as I am concerned *on both the government's case and the defense case, every one of those witnesses lied*. And I think what that was all about, and the fault lies with the adults, because there is a civil case pending.[1]

> So I don't know what lesson that these kids are going away here with, but it's all right to come into court and lie. The big thing in this case was is the physical evidence of the injuries to this victim. *But it certainly did not occur the way any of these witnesses testified to.*" (Emphases added.)

¶ 7 Given the foregoing comments, it necessarily follows that the State failed to prove beyond a reasonable doubt that respondent "knowingly caused great bodily harm" to the victim.

> " 'The burden is always upon the State to prove the defendant guilty beyond a reasonable doubt and *a judgment of conviction can be sustained only on credible evidence* which removes all reasonable doubt of defendant's guilt. Where the State's evidence is improbable, *unconvincing* and contrary to human experience, we have not hesitated to reverse the judgments of conviction.' " (Emphases added.) *People v. Rorer*, 44 Ill. App. 3d 553, 558 (1976) (quoting *People v. Dawson*, 22 Ill. 2d 260, 264-65 (1961)).

See also *People v. Smith*, 185 Ill. 2d 532, 541-42 (1999).

¶ 8 Clearly, the trial court was not convinced by the State's evidence or the credibility of its witnesses. At most, given the trial court's stated disbelief of the testimony of all of the witness who testified, the State demonstrated that the victim was injured, but not the manner of injury.

---

[1]Shortly after filing a complaint with the police, the victim filed a civil suit seeking damages against respondent.

Further, because respondent introduced evidence that he was threatened by the victim and that he was defending himself at the time of the altercation, it was also the State's burden to disprove this affirmative defense beyond a reasonable doubt. *People v. Hooker*, 249 Ill. App. 3d 394, 400 (1993) (once self-defense has been raised, State has burden of disproving it beyond a reasonable doubt). On this record, and again in light of the trial court's stated belief that all of the witnesses, including the State's witness, lied, we cannot say that the State sustained its burden. For this reason alone, respondent's adjudication on the charge of aggravated battery must be reversed.

¶ 9 Second, as "great bodily harm" is an element of the charge of aggravated battery, the State bore the burden of proof beyond a reasonable doubt as to this issue as well. *In re J.A.*, 336 Ill. App. 3d 814, 819 (2003). "While the element of great bodily harm does not lend itself to a precise legal definition, it requires proof of an injury of a greater and more serious nature than a simple battery." *Id.* at 815. A review of the record reveals that the victim and his father testified in summary fashion about his injuries (a broken nose and cheek bone and an eye socket injury) and the State introduced photographs of the victim taken shortly after the occurrence showing, as would be expected, swelling and discoloration (although those photographs are not included in the record on appeal). There was no evidence presented regarding any pain suffered by the victim (other than that he was given pain medication), the details of the victim's treatment for his injuries or how long after the incident he suffered the effects of those injuries. Under these circumstances, we cannot say that the State sustained its burden to prove beyond a reasonable doubt great bodily harm to the victim. See *In re T.G.*, 285 Ill. App. 3d 838, 846 (1996) (where victim was stabbed three times by respondent, but no evidence regarding the nature and extent of the victim's injuries was presented, conviction on aggravated battery charge reversed).

¶ 10 For the foregoing reasons, respondent's adjudication of delinquency is reversed.

¶ 11 Reversed.