Filed 5/10/21  P. v. Washington CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CORTEZ L. WASHINGTON,<br><br>  Defendant and Appellant. | D078636<br><br><br>(Super. Ct. No. SCD227126) |

APPEAL from an order of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed.

James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2011, a jury convicted Cortez L. Washington of assault with force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(1)) and battery causing serious bodily injury (§ 243, subd. (d)).  Washington admitted five prison priors (§ 667.5, subd. (b)) and two serious felony prior convictions

---

[1]    All further statutory references are to the Penal Code.

(§ 667, sub.(a)(1)), which were also admitted as "strikes" (§ 667, subds. (b)-(i)). The serious felonies were from two convictions in Illinois to which Washington previously pleaded guilty. Washington was sentenced to an indeterminate term of 41 years to life in prison.

Washington appealed and this court affirmed his convictions and sentence in a published opinion filed October 31, 2012. (*People v. Washington* (2012) 210 Cal.App.4th 1042.)

In December 2020, Washington filed a pro. per. petition for modification of his sentence relying on section 1016.8.[2] He contended the

---

[2]    Section 1016.8 states: (a) The Legislature finds and declares all of the following:

"(1) The California Supreme Court held in *Doe v. Harris* (2013) 57 Cal.4th 64 that, as a general rule, plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. That the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them.

"(2) In *Boykin v. Alabama* (1969) 395 U.S. 238, the United States Supreme Court held that because of the significant constitutional rights at stake in entering a guilty plea, due process requires that a defendant's guilty plea be knowing, intelligent, and voluntary.

"(3) Waiver is the voluntary, intelligent, and intentional relinquishment of a known right or privilege (*Estelle v. Smith* (1981) 451 U.S. 454, 471, fn. 16, quoting *Johnson v. Zerbst* (1938) 304 U.S. 458, 464). Waiver requires knowledge that the right exists (*Taylor v. U.S.* (1973) 414 U.S. 17, 19).

"(4) A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent.

"(b) A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy.

2

Illinois convictions were rendered void because he was not warned the plea would deny him future benefits. Washington did not specify what future benefits were denied or how the Illinois pleas violated the statute. Apparently, he is complaining because they were found to qualify as strikes. The trial court denied the petition by written order.

Washington again appeals challenging the trial court's denial of his petition.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Washington the opportunity to file his own brief on appeal. He has responded with a supplemental brief which we will discuss below.

## STATEMENT OF FACTS

The facts of the underlying offense and the circumstances of the Illinois guilty pleas are fully set forth in our prior opinion. We will not repeat them here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue which was considered in evaluating the potential merits of this appeal: Whether the trial court erred in denying appellant's motion for modification of sentence under section 1016.8.

---

"(c) For purposes of this section, 'plea bargain' has the same meaning as defined in subdivision (b) of Section 1192.7."

In his supplemental brief, Washington baldly asserts he is entitled to void his Illinois guilty pleas in light of section 1016.8. He does not identify any future benefit he was required to forgo in the Illinois guilty pleas. As best we can discern, his complaint is that they qualified as strikes in California. The legal consequences of his guilty pleas were not a waiver of future benefits as contemplated in the statute. Washington asserts we should reject the *Wende* brief and appoint new counsel. We decline his request. He has not raised any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Washington on this appeal.

DISPOSITION

The order denying Washington's motion to modify his sentence under section 1016.8 is affirmed.


HUFFMAN, J.

WE CONCUR:



McCONNELL, P. J.



HALLER, J.


4